IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, | § § § |
| Plaintiff, | § § § |
| VS. | § CIVIL ACTION NO. H-13-1278 |
| DONAL M. AMERSON, *et al.*, | § § § |
| Defendant. | § |

## MEMORANDUM AND ORDER

On February 14, 2013, Bank of America, National Association, filed a forcible detainer action against Chelesta Amerson, Donal Amerson, and all other occupants of the property located at 204320 Horshoe Canyon Dr., Cypress, Texas. Bank of America alleged that it was the owner of that property, which it had purchased at a foreclosure sale, and that it had provided the defendants with the notice required by law before filing suit. The defendants were served with the citation on February 25, 2013. On March 4, 2013, Bank of America obtained a judgment of possession in its favor. The defendants appealed the decision. A trial de novo in Harris County Civil Court at Law No. 4 was scheduled for May 6, 2013. On May 2, 2013, before the trial could begin, Chelesta Amerson filed a notice of removal. She served the notice on Bank of America on May 7, 2013.

Bank of America moves to remand because Amerson filed a notice of removal more than 30 days after service of the citation and petition in the forcible detainer action. 28 U.S.C. § 1446(b). Bank of America also argues that this court lacks jurisdiction under 28 U.S.C. 1441(e)(1)(A) because the forcible detainer suit does not present a federal question and under 28 U.S.C. § 1332(a) and (b) because the amount in controversy is less than $75,000. Bank of America points out that the amount

in controversy in an eviction proceeding is the value of the right to occupy or possess the property at issue. *Wells Fargo Bank v. Matts*, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) ("This and other courts in the Northern District of Texas have consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property."). Finally, Bank of America contends that because the defendants are Texas citizens, removal is barred by the forum-defendant rule. 28 U.S.C. § 1441(b). The defendants have not responded to the remand motion, which is now ripe.

Bank of America's motion for remand, (Docket Entry No. 3), is granted for the reasons identified in the motion. This case is remanded to the Harris County Civil Court at Law No. 4 of Harris County, Texas.

SIGNED on June 28, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge